UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**HUMANA INC ET AL.,**

    Plaintiffs,

v.                            **No. 4:21-cv-0972-P**

**ALLCARE PHYSICIANS GROUP,**

    Defendant.

## MEMORANDUM OPINION & ORDER

Plaintiffs Human Inc; Humana Insurance Company; and Health Value Management, Inc. ("Plaintiffs") filed a Complaint (ECF No. 1) on August 17, 2021, against Defendant, AllCare Physicians Group ("AllCare"), to recover the full amount due and owed under a Settlement Agreement between the Parties. Plaintiffs sent a waiver of service to AllCare on August 19, 2021; AllCare waived service that same day. *See* ECF No. 4. On October 19, 2021, Plaintiffs requested that the Clerk of Court enter a default due to Defendant's failure to respond to the Complaint or otherwise appear; the Clerk entered default against Defendant the same day. *See* ECF Nos. 9–10. Plaintiffs then filed a Motion for Default Judgment against AllCare, which is currently pending and before the Court. *See* ECF No. 13. Because AllCare has not appeared and the requirements for granting default judgment have been met, the Court will **GRANT** Plaintiffs' Motion for Default Judgment as to liability but **DENY** as to damages.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. *See* FED. R. CIV. P. 55. There are three stages to the entry of a default judgment. *First*, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules."

*N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* FED. R. CIV. P. 55(a). *Second*, an entry of default may be entered "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141 (citing FED. R. CIV. P. 55(a)). *Third*, a plaintiff may then apply to the clerk or the Court for a default judgment after an entry of default is made. *Id.* A default judgment, however, may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

In determining whether the entry of a default judgment is appropriate, courts have developed a three-part analysis. *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *2 (N.D. Tex. Apr. 28, 2016). *First*, courts look to whether a default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The *Lindsey* factors are relevant to this inquiry. Accordingly, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

*Second,* courts analyze the substantive merits of the plaintiff's claims and determine if there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (stating that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). To that end, the Court is to assume because of its default, defendant admits all well-pleaded facts, but not to those facts that are not well-pleaded or other conclusions of law. *Id.*

*Third*, courts determine what form of relief, if any, the plaintiff should receive. *See Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."). When the "amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary." *Ramsey*, 2016 WL 1701966, at *3 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## ANALYSIS

Applying this three-part analysis, the Court concludes that a default judgment is procedurally warranted and supported by a sufficient factual basis in Plaintiffs' Complaint.

### A. Default judgment is procedurally warranted.

In applying the *Lindsey* factors to the instant dispute, the Court concludes that the entry of default judgment is procedurally proper. *First*, there are no material facts in dispute as AllCare has not filed any responsive pleadings to date. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). *Second*, AllCare's failure to respond effectively prejudices Plaintiffs as the legal process is at a standstill. *Third*, nothing before the Court suggests that AllCare's failure to respond resulted from a good faith mistake or excusable neglect. *Fourth*, Plaintiffs seek only the relief to which it is entitled under the law, and the Court is aware of no applicable defenses. *See Helena Chem. Co. v. Goodman*, No. 5:10-CV-121, 2011 WL 1532200, at *1 (S.D. Miss., Apr.

3

21, 2011) (noting that the district court, in deciding whether to grant a motion for a default judgment, should consider whether the defendant has a meritorious defense to the complaint). *Finally*, the Court has no facts before it that would provide a basis for setting aside a default if challenged by AllCare. These considerations warrant entering a default judgment in favor of Plaintiffs.

## B. Plaintiffs' complaint adequately alleges a breach of contract.

Kentucky law governs the Confidential Settlement Agreement and Release ("Settlement Agreement")—the contracted alleged to be breached. *See* ECF No. 13-1, ¶ 13. "Under Kentucky law, the elements of a breach-of-contract claim are: (1) the existence of a valid contract; (2) breach of the contract; and (3) damages or loss caused by the breach." *Myers v. AgriLogic Ins. Servs., LLC*, 694 F. App'x 373, 376 (6th Cir. 2017) (citing *Metro Louisville/Jefferson City Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009). Plaintiffs have adequately alleged each of these elements.

*First*, Plaintiffs allege that AllCare and Humana executed the Settlement Agreement for due consideration in connection with the release of any further claims. *See* ECF No. 1, ¶ 8–12, 18. Plaintiffs have thus alleged a valid and enforceable contract between the Parties. *Second*, Plaintiffs allege that AllCare breached their obligations under the Settlement Agreement by failing to make the requisite monthly payments. *Id.* ¶ 13–16, 19–21. To that end, Plaintiffs claim that AllCare failed to make the requisite payment due April 1, 2021 and has further failed to make a single payment since that time. *Id. Finally*, Plaintiffs have alleged damages due to its failure to receive the Agreement payments. *Id.* ¶ 22. Accordingly, Plaintiffs have sufficiently pleaded a cause-of-action for a breach of contract, and its Motion for Default Judgment will be **GRANTED** as to liability.

## C. The Court cannot calculate damages with certainty.

Having determined that entry of default judgment is proper on Plaintiffs' claim, the Court now turns to Plaintiffs' requested damages. Plaintiffs seek (1) actual damages in the amount of $3,590,00, plus post-judgment interest and (2) attorneys' fees and costs. *See id.* at 5 (prayer

for relief). Plaintiffs support its request by attaching only the Settlement Agreement and an affidavit from Kristin Ives—one of Plaintiffs' counsel. *See generally* ECF Nos. 13-1, 13-2. Plaintiffs, however, do not provide any records or invoices detailing which payments have been made by AllCare and which payments have been requested by Plaintiffs and withheld by AllCare. *See, e.g.*, *BITX Transp. Servs., LLC v. Forward Transp. Servs., LLC*, No. 3:21-cv-1449-B, 2021 WL 4990805, at *4–5 (N.D. Tex. Oct. 27, 2021) (discussing the type of evidence that the Fifth Circuit considers sufficient for calculating actual damages); *Can Cap. Asset Servicing, Inc. v. Azket E-Intelligence LLC et al.*, No. 3:20-CV-3212-B, 2021 WL 2474159, at *4–5 (N.D. Tex. June 17, 2021) (same); *Texas Guaranteed Student Loan Corp. v. Express Moving, L.L.C.*, No. 3:09-CV-824-O, 2010 WL 727756 at *1–2 (N.D. Tex. Feb. 26, 2010) (stating that the Plaintiff submitted multiple records in support of its damages request).

Without the proper records and invoices, the Court cannot calculate damages with certainty based merely on a two-page affidavit from one of Plaintiffs' counsel. Plaintiffs will therefore be **GRANTED** leave to supplement their Motion for Default Judgment to support their damages request.[1]

## ORDER

Accordingly, Plaintiffs' Motion for Default Judgment is **GRANTED in part.** AllCare is liable to Plaintiffs for breach of contract for not satisfying its obligations under the Settlement Agreement. It is further **ORDERED** that Plaintiffs may supplement its Motion for Default Judgment to support their damages request by **November 22, 2021.** Pursuant to Federal Rule of Civil Procedure 58, Default Judgment will issue by separate document following resolution of the issue of damages.

---

[1]Regarding the requested attorneys' fees, the attached affidavit merely states that the fees were "reasonable and necessary to enforce the Agreement." However, neither the Motion for Default Judgment nor the attached Affidavit attempt to demonstrate how, under Kentucky law, these fees are in fact reasonable and necessary.

**SO ORDERED** on this **12th day** of **November, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE