UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**HUMANA INC ET AL.,**

   Plaintiffs,

v.                                        No. 4:21-cv-0972-P

**ALLCARE PHYSICIANS GROUP,**

   Defendant.

## MEMORANDUM OPINION & ORDER

    Before the Court is Plaintiffs Humana Inc; Humana Insurance Company; and Health Value Management, Inc.'s (collectively, "Plaintiffs") Motion for Default Judgment ("Motion") against Defendant AllCare Physicians Group ("AllCare").[1] ECF No. 13. The Court previously granted the Motion with respect to AllCare's liability but deferred ruling on deciding the issues of damages and attorneys' fees. *See* Mem. Op. & Order, ECF No. 14. Pursuant to the Court's Memorandum Opinion and Order, Plaintiffs filed supplemental exhibits in support of their requested damages and attorneys' fees. *See generally* ECF No. 15.

    Following the entry of a default judgment, a plaintiff must prove the amount of its damages. *See, e.g.*, *U.S. for Use of M-Co Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."); *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."). The plaintiff cannot summarily provide the Court with

---

[1] The Court assumes the Parties' familiarity with the background facts and procedural history of the instant dispute. *See generally* ECF Nos. 1, 8, 14.

figures for damages or attorneys' fees without explanation. Rather, the plaintiffs must "establish[] the necessary facts," either through detailed affidavits or an evidentiary hearing, to make the amount "capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the "amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary." *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *3 (N.D. Tex. Apr. 28, 2016) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

**A. Damages**

Plaintiffs request $3,590,000 in actual damages. ECF Nos. 13, 15. This request is based on the balance owed by AllCare to Plaintiffs under the Confidential Settlement Agreement and Release ("Settlement Agreement"), which is governed by Kentucky law. *See* ECF Nos. 13-1, 14, 15-1.

Under Kentucky law, "[t]he measure of damages for breach of contract is 'that sum which will put the injured party in the same position he would have been in hard the contract been performed.'" *Hogan v. Long*, 922 S.W.2d 368, 371 (Ky. 1995) (quoting *Perkins Motors, Inc. v. Autotruck Fed. Credit Union*, 607 S.W.2d 429, 430 (Ky. Ct. App. 1980)); *see also Clark v. Life & Cas. Ins. Co.*, 53 S.W.2d 968, 969 (Ky. 1932) ("[T]he measure of recovery for the failure to pay money is the amount agree to be paid.").

In support of their request, Plaintiffs submit evidence, including: the Settlement Agreement, Plaintiffs' demand letter, an affidavit from the lead attorney on the matter, and records of AllCare's payment history. *See generally* ECF Nos. 15, 15-1, 15-2. This type of evidence is readily accepted by district courts in the Fifth Circuit. *See, e.g.*, *BITX Transp. Servs., LLC v. Forward Transp. Servs., LLC*, No. 3:21-CV-1449-B, 2021 WL 4990805, at *4–5 (N.D. Tex. Oct. 27, 2021); *Can Cap. Asset Servicing, Inc. v. Azket E-Intelligence LLC*, No. 3:20-CV-3212-B, 2021 WL 2474159, at *4–5 (N.D. Tex. June 17, 2021); *Texas Guaranteed Student Loan Corp. v. Express Moving, L.L.C.*, No. 3:09-CV-824-O, 2010 WL 727756 at *1–2 (N.D. Tex. Feb. 26, 2010). Accordingly, the evidence

before the Court demonstrates that there are outstanding payments in the amount of $3,590,000 under the Settlement Agreement. And the Court therefore concludes that Plaintiffs have established that AllCare owes $3,590,000 under the Settlement Agreement, which the Court awards to Plaintiffs as actual damages.

**B. Attorneys' Fees**

In addition to actual damages, Plaintiffs seek attorneys' fees in the amount of $4,740. *See* ECF No. 15 at 5. In Kentucky, courts apply the American Rule regarding attorneys' fees, which requires parties to pay their own fees and costs. *Rumpel v. Rumpel*, 438 S.W.3d 354, 360 (Ky. 2014). Parties, however, may recover attorneys' fees and costs if a contract allows for such recovery. *Aetna Cas. & Sur. Co. v. Kentucky*, 179 S.W.3d 830, 842 (Ky. 2005) (noting that "with the exception of a specific contractual provision allowing for recovery of attorneys' fees or a fee-shifting statute, . . . each party assumes responsibility for his or her own attorneys' fees").

Here, the Settlement Agreement contains a valid, enforceable contractual provision that allows for the recovery of attorneys' fees. *See* ECF No. 15-1 at ¶ 10 ("In the event that any action is brought to enforce or interpret the provisions of this Settlement Agreement, the prevailing party is such action shall be entitled to recovery of its costs and reasonable attorneys' fees incurred in such action."). Thus, as the prevailing party, Plaintiffs are entitled to reasonable attorneys' fees; the sole issue is the amount of attorneys' fees that this Court should award.

Under Kentucky law, the trial court has discretion to determine the reasonableness of the requested attorneys' fees. *See Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991) ("The trial judge is generally in the best position to consider all relevant factors and require proof of reasonableness from parties moving for allowance of attorney fees."). The trial court must therefore determine whether the award is reasonable, considering all relevant factors. *Id.* In doing so, the trial court "should require parties seeking attorney fees to demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *Id.*

Here, to support their request for attorneys' fees, Plaintiffs submitted a declaration from their lead attorney on the matter providing the hourly rates for the attorneys who performed work on the case. ECF No. 15-2. The declaration also includes itemized invoices from the law firm that reflect the fees and costs accrued. *Id.*

In its discretion and considering all relevant factors, the Court finds the award of $4,740 to be reasonable. Through their submissions, Plaintiffs have demonstrated that the award is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred. The declaration from Plaintiffs' lead attorney describes the hourly rates of those who worked on the matter and includes invoices articulating the fees and costs associated with the work performed. The Court does not find that any of the rates, fees, or costs described were unreasonable, given the work performed. Accordingly, the Court awards attorneys' fees and costs in the amount of $4,740 to the Plaintiffs.

### C. Post-Judgment Interest

Plaintiffs also seek post-judgment interest on their actual damages and attorneys' fees. ECF No. 15 at 5. Although pre-judgment interest is governed by state law, post-judgment interest is governed by federal law. *Meaux Surface Prot., Inc. v. Fogelman*, 607 F.3d 161, 173 (5th Cir. 2010) ("Federal law governs post-judgment interest."); *see also Harris v. Mickel*, 15 F.3d 428, 431 (5th Cir. 1994). The governing federal law states that interest "shall be allowed on any money judgment in a civil case recovered in a district court" and "such interest shall be calculated from the date of the entry of the judgment . . . ." 28 U.S.C. § 1961(a). Parties can, however, contract out of the statutory post-judgment interest rate if they "do so using clear, unambiguous, and unequivocal language." *Celtic Marine Corp. v. James C. Just. Companies, Inc.*, 593 F. App'x 300, 305 (5th Cir. 2014). Here, the Settlement Agreement contains no language regarding post-judgment interest. Accordingly, Plaintiffs are entitled to post-judgment interest on all sums awarded by this Court.

4

## ORDER

Accordingly, Plaintiffs' Motion for Default Judgment is **GRANTED** as to their requested damages, attorneys' fees, and post-judgment interest.

It is therefore **ORDERED** that Plaintiffs shall recover from AllCare actual damages in the amount of $3,590,000.

It is further **ORDERED** that Plaintiffs shall recover from AllCare reasonable and necessary attorneys' fees in the amount of $4,740.

It is further **ORDERED** that Plaintiffs are entitled to post-judgment interest, pursuant to 28 U.S.C. § 1961(a), on all sums awarded.

**SO ORDERED** on this **29th day** of **November, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE